UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

George Blaisdell, et al.[1]

    v.                              No. 10-cv-432-PB

Elizabeth Lapierre, et al.

**O R D E R**

George Blaisdell has filed a complaint (doc. no. 1) against multiple defendants.  Because Blaisdell appears both pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether or not the complaint properly invokes the subject matter jurisdiction of the court, is frivolous or malicious, or states any claim upon which relief might be granted.  See 28 U.S.C.

---

[1] Blaisdell asserts that he brings this matter on his own behalf, and "under assignment" for Walter Ellis, as plaintiffs. Because Blaisdell is not an attorney, and is proceeding pro se, he may only represent himself in this action.  See 28 U.S.C. § 1654; see also United States District Court for the District of New Hampshire Local Rule ("LR") 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf"); LR 83.6(b) ("Pro se parties must appear personally . . . . A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf.").  Accordingly, I will, for purposes of this order, treat the complaint as though it were filed by Blaisdell only on his own behalf.  In the amended complaint Blaisdell is today directed to file, Blaisdell is ordered to remove Ellis as a co-plaintiff in this action unless either Ellis appears, signs the complaint, and proceeds on his own behalf in this matter, or plaintiffs obtain counsel to appear on their behalf.

§ 1915(e)(2); United States District Court for the District of
New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Background**

George Blaisdell has filed this action asserting, among
other things, that the defendants, acting individually and in
concert or in an agency capacity with one or more of the other
defendants, have engaged in the destruction, seizure,
conversion, and theft of substantial amounts of Blaisdell's
real, personal and business property, and have deprived
Blaisdell of his legal rights in a variety of ways.  Blaisdell's
claims arise out of his and defendants' competing claims to
interest in two properties, located at 788 and 794 Portland
Street in Rochester, New Hampshire, and items located thereon.

Blaisdell's complaint (doc. no. 1) is comprised of just
over 13 typed, single-spaced pages containing 81 numbered
paragraphs, followed by 115 handwritten pages.  The typed
portion of Blaisdell's complaint, while legible, is convoluted,
repetitive, difficult to follow, and fails to clearly set forth
plaintiff's claims, and how specific defendants are responsible
for imposing on Blaisdell's legal rights.  The handwritten
portion of the complaint can only be described as scrawled, and
is essentially illegible.

The typed portion of the complaint concludes with the
following statement: "NOTICE: Due to Plaintiff's health

inabilities, following pages have yet to be typed, are included as reference.  Typed pages shall follow down the road."  Compl. at p. 14.  Blaisdell's complaint was filed September 24, 2010. Since that date, the court has received neither the promised typed pages from Blaisdell nor any indication that those pages are forthcoming.

## Discussion

I.   Standard of Review

     Because the plaintiff is pro se, the court must construe all of the factual assertions in the pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

II.  Sufficiency of Complaint

Plaintiff, although he is pro se, is still required to comply with the Federal Rules of Civil Procedure in prosecuting this action.  See Miranda v. United States, 105 Fed. App'x 280, 281 (1st Cir. 2004) (unpublished disposition).  Those rules require that a claim for relief contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127 (9th Cir. 2008) ("It is the right and duty of a plaintiff initiating a case to file a short and plain statement of the claim." (internal quotation and citation omitted)).

The complaint here fails to provide a short and concise statement as to what, precisely, Blaisdell is complaining about, or notice to defendants of what specific acts they are alleged to have taken, or failed to take, to violate Blaisdell's rights.  See Erickson, 551 U.S. at 93.  While verbosity or length is not by itself a basis for dismissing a complaint for failing to satisfy the requirements of Rule 8(a)(2), see Hearns, 530 F.3d at 1131, where a "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" a court may find that it violates that rule.  See Miranda, 105 Fed. App'x at 281 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).  Courts have found violations

of Fed. R. Civ. P. 8(a)(2) where complaints were unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend.  See Sewraz v. Long, No. 09-6540, 2011 WL 52383, *1 (4th Cir. Jan. 6, 2011) (collecting cases authorizing dismissal of complaints for failing to comply with pleading requirements of Fed. R. Civ. P. 8(a)(2)); Hearns, 530 F.3d at 1130-31 (same).

Blaisdell's complaint is, in total, 129 pages long.  The majority of the complaint is entirely illegible.  The typed and legible portions of the complaint are repetitive, convoluted, and difficult to comprehend, and, if served, would fail to give defendants proper notice as to what, precisely, they are alleged to have done to violate Blaisdell's legal rights.  It is also unclear whether any of his claims may be precluded by prior litigation.[2]  Accordingly, before this matter can proceed, Blaisdell must amend his complaint to comply with Fed. R. Civ. P. 8(a).

---

[2]Blaisdell has filed multiple lawsuits over many years in both state and federal court challenging the treatment of real, personal, and business property in Rochester, New Hampshire, in which Blaisdell claims a legal interest.  While the instant complaint contains references to events occurring since the conclusion of his last lawsuit in this court, see City of Rochester v. Rennelda Trust, No. 08-cv-263-JL (D.N.H. Oct. 30, 2008) (Order remanding removal action to New Hampshire Superior Court for lack of subject matter jurisdiction), the court remains concerned that Blaisdell may be seeking to relitigate matters already decided by a court of competent jurisdiction.

Blaisdell is directed to file an amended complaint within thirty (30) days of the date of this order.  The amended complaint shall contain:

1.   a "short and plain statement" of each claim Blaisdell intends to pursue;

2.   a clear statement as to which defendant is responsible for each claim;

3.   what specific act or omission of each defendant damaged plaintiff;

4.   as specifically as possible, the dates of each of the relevant occurrences in the pleadings; and

5.   whether or not each claim presented here has ever been litigated to any extent in any other court, including both state and federal courts, and the results of that litigation.

Blaisdell is advised that failure to comply with this order may result in dismissal of this action.  See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (district court has power to dismiss a complaint when plaintiff fails to comply with Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" requirement).

**SO ORDERED.**

_____

Landya B. McCafferty
United States Magistrate Judge

Date:  March 17, 2011

cc:  George Blaisdell, pro se

6