UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

George Blaisdell et al.

    v.                                      Civil No. 10-cv-432-PB

Elizabeth Lapierre et al.

## REPORT AND RECOMMENDATION

George Blaisdell filed a complaint (doc. no. 1) against multiple defendants on September 24, 2010. On March 17, 2011, the court directed Blaisdell to amend his complaint to comply with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2) within thirty days of the date of that order.

Instead, Blaisdell filed a motion to extend time (doc. no. 4). The motion seeks an extension to file a complaint until September 24, 2011, citing New Hampshire's "savings statute,"[1] as authority for such an extension. Blaisdell states his intention is to "file a totally new complaint, with no reference to the existing complaint." Doc. 4 at ¶ 4.

---

[1] The court presumes that Blaisdell is referencing the New Hampshire "savings statute," N.H. Rev. Stat. Ann. § 508:10, which permits an action to be refiled, after the limitation period has run, where the previous suit was dismissed other than on the merits, in order "to insure a diligent suitor the right to a hearing in court until he reaches a judgment on the merits." Roberts v. Gen. Motors Corp., 140 N.H. 723, 725, 673 A.2d 779, 781 (1996) (quoting Berg v. Kelley, 134 N.H. 255, 257, 590 A.2d 621, 622 (1991)) (internal quotations omitted). State law therefore provides an exception to the statute of limitations in certain limited circumstances.

This is a federal court and Blaisdell has apparently asserted both state and federal causes of action. Whether or not any future action complies with the time limitations provided by state law is a matter to be decided in the context of that future action. In any event, the court finds that the request for an extension for a full year after the date of filing the complaint to comply with the pleading requirements for a federal action, is not reasonable. Blaisdell stated in his complaint, filed in September 2010, that he intended to file a typed version of that document. He did not. In March 2011, the court gave him thirty days to present an appropriate complaint to this court in compliance with federal rules. Again, Blaisdell did not.

The court recommends that the motion to extend time be denied. The court further recommends that the complaint be dismissed for failing to comply with Fed. R. Civ. P. 8(a)(2). See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127 (9th Cir. 2008). If approved, the dismissal should be without prejudice to refiling a new complaint.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010); <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008).

 

_____
Landya B. McCafferty
United States Magistrate Judge

Date: April 25, 2011

cc: George Blaisdell, pro se

LBM:jba